NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN JOHN SIMONI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AMERICAN MEDIA, INC., <br><br> Defendant-Appellee. | No. 14-56558 <br><br> D.C. No. 5:14-cv-00573-R-MAN <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and CALLAHAN, Circuit Judges.

Stephen John Simoni, an attorney, appeals pro se from the district court's

order dismissing his diversity action arising from defendant's publication of an

article. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's grant of a motion to strike under California's anti-Strategic Litigation Against Public Policy ("anti-SLAPP") statute. *Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011). We affirm.

The district court properly granted defendant's special motion under California's anti-SLAPP statute to strike Simoni's state law claims because Simoni's claims were based on protected activity and Simoni's failed to show a probability of prevailing on the merits, as defendant's speech was not commercial. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 901-02 (9th Cir. 2010) (explaining two-prong test for anti-SLAPP motion); *see also Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 957-58 (9th Cir. 2012) (setting forth analysis to determine whether speech is commercial).

The district court did not abuse its discretion in dismissing Simoni's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court can dismiss without leave to amend where amendment would be futile).

We reject as without merit Simoni's contention that the award of attorney's

2                                                              14-56558

fees should be reversed.

**AFFIRMED.**